*United States Department of Justice*

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

April 16, 2012

William E. Murray, Esquire
206 Berkeley Street
Charleston, West Virginia 25302

      Re:  United States v. Deborah S. Starks

Dear Mr. Murray:

      This will confirm our conversations with regard to your client, Deborah S. Starks (hereinafter "Ms. Starks"). As a result of these conversations, it is agreed by and between the United States and Ms. Starks as follows:

      1.    **CHARGING AGREEMENT.** Ms. Starks agrees to waive her right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

      2.    **RESOLUTION OF CHARGES.** Ms. Starks will plead guilty to a violation of 26 U.S.C. § 7206(1) (filing a false tax return) as charged in said information.

      3.    **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Ms. Starks will be exposed by virtue of this guilty plea is as follows:

      (a)    Imprisonment for a period of 3 years;

      (b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

      (c)    A term of supervised release of 1 year;

                                                                             Defendant's initials

William E. Murray
April 16, 2012                                    Re: Deborah Starks
Page 2

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, as may otherwise be set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Ms. Starks will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Ms. Starks will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Ms. Starks fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Ms. Starks.

    5.    **RESTITUTION.** Notwithstanding the offense of conviction, Ms. Starks agrees that she owes restitution to MultiCultural Festival of WV, Inc. in the amount of $306,872.04 and the Internal Revenue Service in the amount of $128,626, and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Ms. Starks further agrees as follows:

    (a)    Ms. Starks agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

    (b)    Ms Starks will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing

                                                            Defendant's initials

William E. Murray  
April 16, 2012                        Re: Deborah Starks  
Page 3

of this plea agreement.

(c) Ms. Starks agrees not to dispose of, transfer or otherwise encumber any real or personal property which she currently owns or in which she holds an interest.

(d) Ms. Starks agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest she may have in and to such property, and waives her right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Ms. Starks agrees not to appeal any order of the District Court imposing restitution unless the amounts set forth in this plea agreement. However, nothing in this provision is intended to preclude the Court from ordering Ms. Starks to pay a greater or lesser sum of restitution in accordance with law.

6. **IRS COLLECTION OF RESTITUTION.** If the Court orders Ms. Starks to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). Ms. Starks does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Ms. Starks timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution based assessment, including levy and distraint under 26 U.S.C. § 6331.

7. **PAYMENT OF MONETARY PENALTIES.** Ms. Starks agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to

_____<br>Defendant's initials

William E. Murray
April 16, 2012                                      Re: Deborah Starks
Page 4

immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Ms. Starks further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    8. **COOPERATION.** Ms. Starks will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Ms. Starks may have counsel present except when appearing before a grand jury. Further, Ms. Starks agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

    9. **ASSISTANCE TO INTERNAL REVENUE SERVICE.** Ms. Starks agrees to cooperate with the Internal Revenue Service in the determination of her civil income tax liability for the taxable years 2005-2010 and to make available to the examining agents all books, records and other documentary evidence in his/her possession, custody or control, including all materials provided to the defense, through discovery or otherwise, during this proceeding by the attorneys for the government and any criminal investigators assisting them.

    10. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Ms. Starks, and except as expressly provided for in paragraph 12 below, nothing contained in any statement or testimony provided by Ms. Starks pursuant to this agreement, or any evidence developed therefrom, will be used against Ms. Starks, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    11. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in

                                                                           Defendant's initials

William E. Murray
April 16, 2012                                    Re: Deborah Starks
Page 5

prosecuting Ms. Starks for any violations of federal or state laws. The United States reserves the right to prosecute Ms. Starks for perjury or false statement if such a situation should occur pursuant to this agreement.

    12.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Ms. Starks stipulate and agree that the facts comprising the offenses of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

    Ms. Starks agrees that if she withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Ms. Starks, and she is subsequently tried on any of the charges in the information, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Ms. Starks or of any of her witnesses, or in rebuttal of any testimony introduced by Ms. Starks or on her behalf. Ms. Starks knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right she has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Ms. Starks understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    13.    **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Ms. Starks is aware that 18 U.S.C. § 3742 affords her the right to appeal the sentence imposed by the District Court. Nonetheless, Ms. Starks knowingly and voluntarily waives her right to seek appellate review of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute.

_____<br>Defendant's initials

William E. Murray  
April 16, 2012                                        Re: Deborah Starks  
Page 6

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty prescribed by statute.

Ms. Starks also knowingly and voluntarily waives the right to challenge her guilty plea and her conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT**. Ms. Starks knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence

_____  
Defendant's initials

William E. Murray
April 16, 2012  Re: Deborah Starks
Page 7

  report;

 (e) Respond to statements made to the Court by or on behalf of Ms. Starks;

 (f) Advise the Court concerning the nature and extent of Ms. Starks' cooperation; and

 (g) Address the Court regarding the issue of Ms. Starks' acceptance of responsibility.

 16. **VOIDING OF AGREEMENT**.  If either the United States or Ms. Starks violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

 17. **TAX DIVISION APPROVAL**.  It is understood that this agreement is conditioned upon approval by the Department of Justice, Criminal Tax Division. In the event such approval is not granted, this agreement shall be void.

 18. **ENTIRETY OF AGREEMENT**.  This written agreement constitutes the entire agreement between the United States and Ms. Starks in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Ms. Starks in any Court other than the United States District Court for the Southern District of West Virginia.

 Acknowledged and agreed to on behalf of the United States:

          R. BOOTH GOODWIN II
          United States Attorney

    By: *[signature]*
        SUSAN M. ROBINSON
        Assistant United States Attorney

SMR/smw

               *[initials]*
               Defendant's initials

William E. Murray  
April 16, 2012  
Page 8                                                                                         Re:   Deborah S. Starks

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eight-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement.  I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

_____                         5/18/12
DEBORAH S. STARKS                                       Date Signed
Defendant

_____                         5/18/12
WILLIAM E. MURRAY                                       Date Signed
Counsel for Defendant

COPY - The original was filed in the Clerk's Office at Charleston on

DEC 11 2012

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  Criminal No. 2:12-CR-00222
    26 U.S.C. § 7206(1)

DEBORAH S. STARKS

## A M E N D E D   I N F O R M A T I O N

The United States Attorney Charges:

1. On or about the 6th day of March 2009, at or near Dunbar, Kanawha County, West Virginia and within the Southern District of West Virginia, defendant DEBORAH S. STARKS did willfully make and cause to be made, and subscribe a joint U.S. Individual Income Tax Return Form 1040 for calendar year 2008 which verified by written declaration that it was made under the penalties of perjury.

2. At the time she made and caused to be made, and subscribed the U.S. Individual Tax Return Form 1040, defendant DEBORAH S. STARKS did not believe it to be true and correct as to every material matter in that she reported taxable income for year 2008 to be $13,872 when she then and there well knew and believed that the true taxable income for calendar year 2008 was greatly in excess of that amount.

In violation of Title 26, United States Code, Section 7206(1).

UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

By: _____
EUMI L. CHOI
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                CRIMINAL NO. _____

DEBORAH S. STARKS

## STIPULATION OF FACTS

The United States and Deborah S. Starks ("Ms. Starks") stipulate and agree that the facts comprising the offense of conviction in the Information in the Southern District of West Virginia and the relevant conduct for that offense, include the following:

1. At all times relevant to this case, Ms. Starks was a resident of Cross Lanes, West Virginia. Ms. Starks' joint tax returns were made and subscribed by her at H&R Block in Dunbar, West Virginia, within the Southern District of West Virginia.

2. Ms. Starks was the treasurer of MultiCultural Festival of WV, Inc., a non-profit, 501(c)(3) charitable organization incorporated in West Virginia and located in Charleston, West Virginia. MultiCultural Festival sponsored an annual event called "MultiFest," which was held on the capitol grounds in Charleston, West Virginia.

3. As treasurer, Ms. Starks was responsible for accounting for the revenue and expenses of MultiCultural Festival and maintained bank accounts on behalf of the organization.

4. Beginning in or about 2005 and continuing until 2010, Ms. Starks embezzled approximately $306,000 from MultiCultural Festival and had additional unreported taxable income of approximately $200,000.

5. Ms. Starks embezzled from MultiCultural by writing personal checks to herself and to third parties for personal expenses, by withdrawing cash in the form of checks, direct withdrawal and ATM transactions, as well as, through direct transfers of money from MultiCultural Festival accounts to her personal accounts and accounts of family members. The embezzled funds were used, in large part, to support Ms. Starks' personal gambling activities. The embezzlement took place in Kanawha County, West Virginia, among other locations.

6. Ms. Starks prepared, signed and filed a joint U.S. Individual Income Tax Return for each of the calendar years 2005-2010. On those returns she did not report as income to her the money she embezzled from MultiCultural Festival which amounts were well in excess of $10,000 in each year 2005 to 2010.

7. Ms. Starks agrees that the tax loss resulting from her offense and relevant conduct is between $80,000 - $200,000 and understands and acknowledges that the United States maintains that the amount is $128,626 as follows:

| Calendar Year | Additional Tax Due and Owing |
| --- | --- |
| 2005 | $18,255 |
| 2006 | $28,416 |
| 2007 | $15,755 |
| 2008 | $27,340 |
| 2009 | $22,151 |
| 2010 | $16,709 |

This Stipulation of Facts does not contain each and every fact known to Ms. Starks and to the United States concerning her involvement and the involvement of others in the charges set forth in the Information, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_____  5/18/12
DEBORAH S. STARKS               Date
Defendant

_____  5/18/12
WILLIAM E. MURRAY               Date
Counsel for Defendant

_____  5-18-12
SUSAN M. ROBINSON               Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT B**

2